Vincent F. Papalia, Esq.
Mark A. Roney, Esq.
SAIBER LLC
18 Columbia Turnpike, Suite 200
Florham Park, New Jersey 07932
(973) 622-3333

*Attorneys for Debtor and Debtor-in-Possession
Kwang Ho Keh*

FILED
JAMES J. WALDRON, CLERK
APR 12 2010
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY_____ DEPUTY

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| In re:<br><br>KWANG HO KEH,<br><br>Debtor. | Case No. 09-28922 (DHS)<br><br>Chapter 11<br><br>**CONFIDENTIALITY AGREEMENT AND ORDER** |
|---|---|

**WHEREAS** Sung Ho Kim ("Kim") and debtor Kwang Ho Keh ("Keh", and collectively with Kim referred to as the "Parties" and in the singular "Party"), by their undersigned counsel, stipulate and agree that the following procedures shall govern the production, exchange and handling of documents produced by Keh to Kim pursuant to the Kim's Rule 2004 Subpoena dated November 3, 2009 (the "Subpoena"), which are designated as confidential by Keh as provided herein (the "Confidential Material").

**NOW, THEREFORE**, the Parties stipulate and agree as follows:

1. For the purposes of this Confidentiality Agreement (the "Agreement"), Keh may designate as Confidential Material (without limitation) the following types of documents and electronically stored information (as those terms are used in the Federal Rules of Civil Procedure) which in any way relate to Keh or the Companies' (as that term is defined in the Subpoena): (a) financial information, including (but not limited) to bank statements, checks, tax returns, employee salary information, employee social security numbers, insurance information, profit and loss statements,

{00609801.DOC}

accounts receivables, accounts payables and balances sheets; and (b) confidential employee health and personal information. For purposes of this Agreement, the Confidential Material designation shall apply to non-public information and materials that Keh or the Companies treat or regard as confidential or proprietary or private in nature.

2. This Agreement shall apply to all documents and material produced by Keh pursuant to the Subpoena, and any copies thereof, that Keh may designate in good faith as being Confidential Material. Keh shall designate Confidential Material by stamping, writing or affixing in a prominent manner the word "Confidential" on each document or copy thereof, or by advising the other Party receiving the information in writing that a category of documents or information is confidential and is to be treated as Confidential Material hereunder.

3. Confidential Material shall only be used for the purposes of this proceeding, the jointly administered proceedings of Chemitek 2006, LLC (Case. No. 10-13393 - - the lead case) and Palisades Park Plaza North, Inc. (Case No. 10-13394, and with the Chemitek 2006, LLC proceedings collectively the "Jointly Administered Proceedings") and Kim's adversary case (Adv. Case No. 09-2660, the "Adversary Proceeding," and with this proceeding and the Jointly Administered Proceedings collectively referred to as the "Bankruptcy Proceedings"), subject to the terms of this Agreement, and shall not be delivered, exhibited, displayed or disclosed or caused to be delivered, exhibited, displayed or disclosed (the "disclosure") to any person except to: (a) the Parties; (b) the attorneys of record for the Parties, including their partners, associates and their secretarial, paralegal or clerical employees; and, (c) the Parties' respective accountants and/or experts; (d) the Court; (e) court personnel; (f) court reporters who record depositions or other testimony in this case; and (g) a witness who signs the

{00609801.DOC}                               2

Certification attached as Exhibit A agreeing to be bound by the terms and conditions of this Agreement and the jurisdiction of the Bankruptcy Court to enforce same.

4. No Party's counsel, accountants, expert or their respective staff shall directly or indirectly disseminate or disclose any Confidential Material or any information contained therein to any other persons or entities, unless: (i) previously agreed to in writing by Keh or his counsel; (ii) the person or entity executes (and provides the original document to Keh's attorneys) the Certification attached as Exhibit A agreeing to be bound by the terms and conditions of this Agreement and the jurisdiction of the Bankruptcy Court to enforce same; or (iii) permitted by final non-appealable order of the Court. Confidential Material shall not be used for any other legal (as in commencing, prosecuting or defending litigation), commercial, competitive, or personal use by the receiving Party.

5. Upon receipt of a written request from Kim to utilize any Confidential Material in legal proceedings, other than the Bankruptcy Proceedings, including (but not limited to) any action currently pending in which both Keh and Kim are parties, which request must include a description of the Confidential Material to be so utilized, Keh shall provide a written response within seven (7) days as to whether he consents or objects to the use of the Confidential Material. Any recipient of such Confidential Material to be so utilized must execute the Certification attached as Exhibit A (and provides the original document to Keh's attorneys) prior to receiving any Confidential Information. A dispute with respect to such a request will be resolved by motion and subject to the filing requirements of paragraph 8.

6. The inadvertent, unintentional, or *in camera* disclosure of Confidential Material shall not, under any circumstances, be deemed a waiver, in whole

or in part, of any of Keh's claims of confidentiality. If Confidential Material is inadvertently provided or disclosed without the appropriate designation of confidentiality, the receiving Parties shall, upon written notice of the confidential status of the documents or information by Keh, treat the documents or information as if it had been appropriately designated confidential at the moment it was produced. The receiving Parties shall use its best efforts to promptly collect or cause to be destroyed any copies of the Confidential Material that have been provided to individuals other than those identified in this Agreement.

7.  All copies of Confidential Material and copies of any papers paraphrasing or disclosing Confidential Material, other than those on file with the Court, shall be kept only in the possession of the Parties' attorneys and/or accountants.

8.  All Confidential Material filed with the Court, or any pleading, brief or memorandum which attaches or discloses such Confidential Material, shall be electronically filed in a proper manner pursuant to Local Rule 5.3, or filed in sealed envelopes or other appropriate containers on the outside of which shall be placed the words "Confidential Material" as an indication of the nature of its contents.

9.  The provisions of this Agreement shall survive the termination of this proceeding and the Adversary Proceeding. Upon termination of this proceeding or the Adversary Proceeding, whichever date is later, whether by dismissal or otherwise, all persons or entities to whom Confidential Material has been disclosed pursuant to this Agreement shall within sixty (60) days thereof, either (a) assemble and return such Confidential Material to counsel for Keh or (b) certify, in writing, to counsel for Keh that all Confidential Material, including copies thereof, has been destroyed.

10. A receiving Party may challenge a designation within ten (10) days of its receipt of Confidential Material. The Parties shall then attempt in good faith

to resolve this dispute without the need of intervention from the Court. If good faith efforts to resolve this dispute are unsuccessful, counsel challenging a claim of confidentiality may file a motion seeking to have this Court remove the confidential designation of these documents or other material pursuant to the provisions of this Agreement or as otherwise provided by the Court. Until any dispute under this paragraph is ruled upon by the Court, the "Confidential" designation shall remain in full force and effect, and the information shall continue to be accorded the confidential treatment required by this Agreement.

11. Producing or receiving Confidential Material, or otherwise complying with the terms of this Agreement, shall not: (a) operate as an admission by any Party that any particular Confidential Material contains or reflects confidential or proprietary information; (b) prejudice the rights of a Party to object to the production of information or material that the Party does not consider to be within the scope of discovery or to be confidential; (c) prejudice the rights of a Party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a Party to apply to the Court for further protective orders; or (e) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or materials.

12. The Parties further agree that the United States Bankruptcy Court for the District of New Jersey, shall have jurisdiction of this matter so as to resolve any dispute arising in connection with this Agreement, whether before or after the termination of this proceeding.

13. The parties acknowledge that this Agreement is a joint product and shall not be construed for or against any Party on the ground of sole authorship.

Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, then the legality, validity and enforceability of the remaining provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be part of this Agreement.

14. This Agreement is the entire agreement between the Parties. It may not be amended in any manner whatsoever except by an agreement in writing, signed by counsel of record for each of the Parties.

15. This Agreement may be executed and delivered in any number of counterparts, each of which, when so executed and delivered, shall constitute an original, fully enforceable counterpart for all purposes and such counterparts together shall constitute but one and the same instrument.

_____
DONALD H. STECKROTH
UNITED STATES BANKRUPCTY JUDGE

We hereby agree to the form, terms and
entry of this Confidentiality Agreement and Order

SAIBER LLC
Attorneys for Kwang Ho Keh

By: _____
Mark A. Roney

Dated: March 27, 2010

HERRICK, FEINSTEIN, LLP
Attorneys for Sung Ho Kim

By: _____
Paul H. Schafhauser

Dated: March 29, 2010

**EXHIBIT A
TO
CONFIDENTIALITY
AGREEMENT AND ORDER**

{00609810.DOC}

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br><br>KWANG HO KEH,<br><br>Debtor. | Case No. 09-28922 (DHS)<br><br>Chapter 11<br><br>**CONFIDENTIALITY AGREEMENT AND ORDER** |

CONFIDENTIALITY AGREEMENT

1. My name is _____.

2. I hereby certify that I have been given a copy of and have carefully read the Confidentiality Agreement and Order (the "Order") entered in the above-captioned matter (a copy of which is attached) and that I fully understand the terms thereof. I recognize that I am bound by and hereby agree to comply with the terms of that Order.

3. I understand that Confidential Information and any copies, notes or other records that may be made regarding Confidential Information shall not be used by me nor disclosed to others, except in conformity with the Order. I further understand that I may be subject to sanctions or other appropriate relief if Confidential Information is used or disclosed in a manner not permitted by the Order.

4. I agree to return all Confidential Information and any copies, notes or other records that may be made regarding Confidential Information to the attorney who provided it to me within 20 days after request by such attorney. I agree not to disclose Confidential Information to anyone other than as specified in said Order.

{00609810.DOC}

5. I hereby consent to the personal jurisdiction of the United States Bankruptcy Court for the District of New Jersey with respect to any proceedings to enforce the Order.

Dated: _____            _____
                                                                Signature